# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

XANTHE ASBERRY,

       Plaintiff,

v.                                      Case No. 8:18-cv-2222-T-35SPF

SCHOOL BOARD OF PASCO COUNTY,
FLORIDA,

       Defendant.

_____/

## <u>ORDER</u>

This cause comes before the Court upon Defendant's Opposed Motion to Compel Plaintiff's Discovery Responses (Doc. 26). Plaintiff filed a Response in opposition (Doc. 27).

Plaintiff sues Defendant for race discrimination and retaliation, among other claims, and is seeking non-economic damages for "pain and suffering, mental anguish, etc." as a result of Defendant's actions (Doc. 19; Doc. 26-1). Defendant seeks to compel the discovery requested in its Requests for Production Nos. 8 and 22[1] and Interrogatory No. 9, specifically Plaintiff's medical history and records. Plaintiff argues that because she only seeks "garden variety" emotional distress damages, she has not put her mental condition in controversy, and, as such, Defendant is not entitled to this discovery. For the reasons stated below, Defendant's motion is denied.

Typically, a defendant must show good cause and establish that the plaintiff has put his or her mental condition "in controversy" in order to obtain a plaintiff's mental health records.

---

[1] RFP 22 seeks Plaintiff's fee agreement with counsel. In her response, Plaintiff withdrew her objection to this RFP and agreed to produce her fee agreement with counsel (Doc. 27 at 3-4). As such, the Court will not address RFP 22.

*Thomas v. Seminole Elec. Coop. Inc.*, No. 8:16-cv-3404-T-35JSS, 2017 WL 2447722, at *4 (M.D. Fla. June 6, 2017). Several district courts have held that a plaintiff does not put his or her mental condition "in controversy" by seeking "garden variety" emotional distress damages. *Id*. In order for a plaintiff to put his or her mental condition in controversy, courts have held that, in addition to seeking emotional distress damages, a plaintiff must also: (1) bring a claim for intentional or negligent infliction of emotional distress; (2) allege a specific mental or psychiatric injury or disorder; (3) claim unusually severe emotional distress; (4) offer expert testimony in support of an emotional distress claim; or (5) concede that his or her mental condition is in controversy. *See id.*; *see also Laboy v. Emeritus Corp.*, No. 5:13-cv-582-Oc-22PRL, 2014 WL 1293440, at *1 (M.D. Fla. Mar. 28, 2014); *Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082, at *3-4 (S.D. Fla. May 29, 2012); *Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009). Plaintiff has taken none of these enumerated actions. As such, Plaintiff has not put her mental condition at issue, and Defendant is not entitled to Plaintiff's medical records.

Moreover, Defendant's argument that Plaintiff waived objections by not timely responding to the discovery requests[2] is unpersuasive under these circumstances. Although a plaintiff might waive potential objections by failing to timely respond to discovery requests, the court may still deny a motion to compel when the discovery request exceeds the bounds of fair discovery. *Lane v. Guaranty Bank*, No. 6:13-cv-258-Orl-36TBS, 2013 WL 4028185, at *2 (M.D. Fla. Aug. 7, 2013) (citing *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011)). Because Defendant has failed to

---

[2] Plaintiff asserts that she inadvertently missed the original discovery deadline but provided the discovery responses and objections in good faith as soon as possible after the oversight came to Plaintiff's counsel's attention (Doc. 27 at 4).

make a good cause showing of entitlement to Plaintiff's medical records, the Court finds that the RFP and interrogatory at issue exceed the bounds of fair discovery for purposes of determining Plaintiff's waiver of objections.

Accordingly, it is hereby **ORDERED**:

Defendant's Opposed Motion to Compel Plaintiff's Discovery Responses (Doc. 26) is **DENIED**.

**ORDERED** in Tampa, Florida, January 13, 2020.


SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE